J-S03035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN BYRD | : | |
| | : | |
| Appellant | : | No. 596 WDA 2021 |

Appeal from the PCRA Order Entered April 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001276-2004

BEFORE:  LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED: February 23, 2022**

Steven Byrd (Byrd) appeals from the April 19, 2021 order of the Court of Common Pleas of Erie County (PCRA court) denying his motion to enforce plea agreement.  Byrd sought to be relieved of his registration obligations pursuant to Subchapter I of the Sex Offenders Registration and Notification Act (SORNA II), 42 Pa.C.S. §§ 9799.51 *et seq.*[1]  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Byrd filed his petition on August 28, 2019, pursuant to the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541 *et seq*.  In addition to seeking to enforce an alleged ten-year registration period as part of his plea bargain, he argued that retroactive registration requirements under Subchapter I of SORNA II were unconstitutional.  The PCRA court stayed proceedings pending our Supreme Court's decision in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020). There, the Court ultimately rejected challenges to the retroactive application of Subchapter I, holding that the statute was non-punitive.  Because **Lacombe** was dispositive of Byrd's constitutional claims, the PCRA court
*(Footnote Continued Next Page)*

We glean the following facts from the certified record and trial court opinion. In 2004, Byrd was charged with two counts of rape, two counts of aggravated indecent assault of a person under the age of 16, incest, endangering the welfare of children, indecent assault of a child, two counts of indecent assault of a person under the age of 16, and corruption of minors.[2] Prior to his preliminary hearing, Byrd negotiated a plea agreement with the Commonwealth. He waived his preliminary hearing and agreed to plead guilty to one count of aggravated indecent assault and one count of indecent assault of a child when the case reached the trial court. The Commonwealth would *nolle prosse* the remaining charges and take no position regarding whether the sentences should run concurrently or consecutively. The parties agreed that the charges would not merge.

Byrd subsequently entered his plea and the trial court sentenced him to an aggregate term of 3.5 to 8 years of incarceration. He did not file a direct appeal.[3] He was released from prison in April 2009 and commenced reporting to the Pennsylvania State Police (PSP). He completed parole without incident

_____

dismissed those portions of the petition and proceeded to consider only the motion to enforce the plea agreement.

[2] 18 Pa.C.S. §§ 3121(a)(1), 3125(a)(8), 4302, 4304, 3126(a)(7), 3126(a)(8) & 6301(a)(1).

[3] When Byrd attempted to order the transcripts of the proceedings to prepare the instant petition, he was told the files were destroyed after seven years in accordance with the policy of the court reporters' office.

and continued to register until April 2019 when the PSP informed him that he was required to register for his lifetime. Byrd then filed the instant petition seeking to enforce his plea agreement.

The PCRA court held an evidentiary hearing and Byrd testified that he had negotiated a ten-year registration requirement as an element of his plea. He said that he told his attorney that he would not enter any plea that would require lifetime registration. He said that the sentencing judge told him on the record that he would be required to register for ten years.

The trial court record contained the written plea agreement, Byrd's signed guilty plea colloquy and a signed notice of registration requirements under Megan's Law II which was docketed on the day of sentencing. The notice of registration requirements read:

> By virtue of your guilty plea for <u>Indecent Assault</u> and Aggravated Indecent Assault, you are subject to the provisions of Title 42 Pa. C.S.A. 9791 et. seq., entitled "Registration of Sexual Offenders" for a period of **10 years *or* Your Lifetime** (please circle one) following your release from incarceration.

Notice to Defendant of Duty to Register, 2/7/05 (emphasis in original). The notice was signed by Byrd, trial counsel, the prosecutor and the sentencing judge. The form had the caption for Byrd's case, but no required period of registration had been circled. In addition, the plea agreement form and written guilty plea colloquy do not include any terms related to registration.

The Commonwealth called Byrd's trial counsel as a witness but he could not recall any discussions regarding registration in the plea. Trial counsel had

reviewed his file and found a copy of the notice of registration requirements which had the above-quoted language with "10 years" circled. The form was unsigned and undated, did not include a case caption and was stamped as "defendant's copy" at the bottom. Counsel did not recall who had circled "10 years" or whether he had discussed that with Byrd.

The PCRA court ultimately denied the motion, finding that Byrd had not proven that the ten-year registration requirement had been specifically negotiated as an element of his plea. It found Byrd's testimony to be incredible and self-serving in light of the documentary evidence and the registration statutes in effect at the time of the plea. Byrd timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.

On appeal, Byrd contends that the trial court erred in denying his motion to enforce the plea agreement.[4] He argues that the ten-year registration period was a critical aspect of his plea, and he would not have entered a plea to any charge that would result in lifetime registration. He maintains that the sentencing judge told him on the record that he was required to register for ten years. He argues that the Commonwealth did not offer testimony refuting his own, as trial counsel could not recall any details of the plea and no

_____

[4] "Contract interpretation is a question of law, so '[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary.'" **Commonwealth v. Kerns**, 220 A.3d 607, 612 (Pa. Super. 2019) (quoting **Gillard v. Martin**, 13 A.3d 482, 487 (Pa. Super. 2010)).

transcripts were available for review. Trial counsel provided an unsigned notice of registration requirements with "10 years" circled, which he had in his file for Byrd's case. Finally, he points out that the notice of registration requirements docketed in the case does not reflect which registration period applied to his crimes, and he argues that this ambiguity must be construed against the Commonwealth.

Plea agreements are contractual in nature and courts employ contract law principles to interpret the terms of the agreement and ascertain the intent of the parties. **Commonwealth v. Martinez**, 147 A.3d 517, 531 (Pa. 2016). After a plea is entered and accepted by the trial court, the Commonwealth and the defendant are bound by its terms, and the defendant may seek specific performance to enforce the agreement if the terms are not carried out. **Id.** at 532. In **Martinez**, our Supreme Court held that the defendants who pled guilty prior to SORNA's enactment were entitled to specific performance in the form of non-registration or shorter periods of registration when the Commonwealth conceded that the defendants' pleas had been structured to avoid or reduce registration requirements. **Id.** at 533. Despite an intervening change in the law, the defendants could enforce the terms of their original agreements to avoid SORNA's registration requirements.

In **Commonwealth v. Kerns**, 220 A.3d 607 (Pa. Super. 2019), this Court applied these principles to examine whether the defendant should be relieved of his registration obligations when registration was not specifically

mentioned in his plea agreement. There, the defendant argued that when he entered his plea, he believed that he would not be subject to any registration requirements. However, there were no terms related to registration placed on the record at his plea hearing and at his sentencing hearing the court informed him that he would be required to register for life.

This Court rejected the argument that non-registration was a term of the plea bargain: "When sex-offender registration statutes are in force and applicable to the offense(s) at issue, sex-offender registration is an implied term of the plea bargain; and this Court will not consider sex-offender registration as a breach of a plea agreement unless non-registration was made part of the plea deal." *Id.* at 613. Thus, for a defendant to obtain specific performance in these circumstances, non-registration must be an "express provision" of the plea agreement. *Id.* at 616. The defendant's understanding of his plea did not control over the express terms placed on the record.

*Kerns* is dispositive here. When Byrd entered his plea on November 2, 2004, the crime of aggravated indecent assault carried a lifetime period of registration under the then-effective Megan's Law II. *See* 42 Pa.C.S. § 9795.1(b)(2) (expired). Accordingly, lifetime registration was an implied term of Byrd's plea agreement unless the parties specifically bargained otherwise. *Kerns*, *supra*. While the transcripts of the plea and sentencing hearings in this case could not be prepared, the documentary evidence in the

record supports the trial court's conclusion that a reduced ten-year period of registration was not an express provision of Byrd's plea.

First, the written plea agreement form does not include any terms related to registration. It lists the original charges and outlines an agreement for Byrd to waive his preliminary hearing and enter an open guilty plea to one count of aggravated indecent assault and one count of indecent assault of a child. The charges would not merge for sentencing purposes. The remaining charges would be *nolle prossed* and the Commonwealth agreed to take no position regarding whether the sentences should run concurrently or consecutively. Sex offender registration obligations are not addressed in any way on the form, indicating that while the parties bargained for several terms related to the charges and sentencing, they did not specifically contemplate ten-year registration as part of the bargain.

Similarly, Byrd's guilty plea colloquy contains the following language:

> I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest. The only plea bargain in my case is **defendant will plead guilty to Counts #3 and #7 and, in exchange, the Commonwealth will nolle prosse all remaining counts, with costs on the defendant**.

*See* Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea (emphasis in original). The colloquy was signed by Byrd, trial counsel, the prosecutor and the sentencing judge. Again, reduced registration requirements were not included in the agreement.

Finally, the notice of registration requirements that Byrd received and signed at the sentencing hearing informed him that based on his guilty plea to aggravated indecent assault and indecent assault, he was "subject to the provisions of Title 42 Pa. C.S.A. 9791 et. seq., entitled 'Registration of Sexual Offenders.'" ***See*** Notice to Defendant of Duty to Register, 2/7/05. This form was signed by Byrd, trial counsel, the prosecutor and the sentencing judge. Although no one had circled the applicable registration period on the form, the relevant provision of the cited statute stated that convictions for aggravated indecent assault result in lifetime registration. Thus, not only was this provision an implied term of the plea in absence of a contradictory agreement, ***see Kerns***, ***supra***, but the lifetime registration period was specifically incorporated in the sentencing record. Together, these three documents strongly support the trial court's conclusion that a reduced period of registration was not an express provision of Byrd's plea agreement.

Byrd relies on his testimony at the evidentiary hearing and the document located in trial counsel's file in support of his contention that he had bargained for a ten-year period of registration. Byrd testified that he agreed to a ten-year period of registration, would not have pled guilty to any charge that required lifetime registration, and was told at sentencing that he would have to register for ten years. However, the trial court found this testimony to be incredible given the severity of the charges that the Commonwealth withdrew in exchange for his plea. It concluded that while Byrd may have

believed that his plea did not carry lifetime registration, it did not follow that this was an express term of the agreement. **See** Trial Court Opinion, 4/19/21, at 9-10.

Moreover, trial counsel testified that he did not recall anything about the plea bargain in the case but had found a notice of registration requirements in Byrd's file. Trial counsel's copy of the notice had "10 years" circled, but the form was unsigned, undated and did not have the caption for Byrd's case. "Defendant's copy" was stamped on the bottom. This form may substantiate Byrd's testimony that he believed he would be required to register for ten years, but it cannot overcome the copy of the notice he signed at the time of sentencing. As discussed *supra*, while the docketed form does not have a period of registration circled, it refers to the statute in effect at the time which imposed lifetime registration for the crime of aggravated indecent assault. That form was signed by all parties and is, thus, more credible evidence of the agreement they had negotiated. Accordingly, the totality of the circumstances supports the trial court's conclusion that a reduced period of registration was not an "express provision" of Byrd's plea. **Kerns**, **supra**, at 616.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2022